**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
SHAMEEM SAYED,

                Plaintiff,

      -against-

COSTCO WHOLESALE CORPORATION and
COSTCO WHOLESALE MEMBERSHIP, INC.,

                Defendants.
---------------------------------------------------------------X

**SUMMONS**

INDEX NO.

FILED ON:

Plaintiff resides at
1991 Gleason Avenue
Bronx, NY 10472

TO THE ABOVE NAMED DEFENDANT(S):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney, within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The basis of the venue designated is the plaintiff's residence

DATED:   Tappan, New York
             November 20, 2019

                                              Yours, etc.,

                                              H. BRUCE FISCHER ESQ. P.C.
                                              Attorney for Plaintiff
                                              89 Hickory Hill Road
                                              Tappan, NY 10983
                                              (212) 957-3634
                                              <u>Mailing Address</u>
                                              H. BRUCE FISCHER ESQ. P.C.
                                              P.O. Box 119
                                              Tappan, NY 10983

Defendants' Addresses:
COSTCO WHOLESALE CORPORATION (secretary of state)
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

COSTCO WHOLESALE MEMBERSHIP, INC. (secretary of state)
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------X
SHAMEEM SAYED,

                            Plaintiff,

       -against-

COSTCO WHOLESALE CORPORATION and
COSTCO WHOLESALE MEMBERSHIP, INC.,

                            Defendants
--------------------------------------------------------------X

INDEX NO.

**VERIFIED COMPLAINT**

       Plaintiff, complaining of the defendants, by his attorney, H. BRUCE FISCHER ESQ. P.C., alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### PLAINTIFF, SHAMEEM SAYED ALLEGES:

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned the defendant, COSTCO WHOLESALE CORPORATION was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains an office for the transaction of business in New York State.

3. That at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION was a domestic corporation doing business in the State of New York with a place of business in the State of New York.

4. That at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION was a duly organized foreign corporation authorized to do business in the State of New York and transacting business in the State of New York.

5. That at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION was a foreign corporation transacting business in the State of New York with a place of business in the State of New York.

6. That at all times hereinafter mentioned the defendant, COSTCO WHOLESALE MEMBERSHIP, INC. was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains an office for the transaction of business in New York State.

7. That at all times hereinafter mentioned, defendant, COSTCO WHOLESALE MEMBERSHIP, INC. was a domestic corporation doing business in the State of New York with a place of business in the State of New York.

8. That at all times hereinafter mentioned, defendant, COSTCO WHOLESALE MEMBERSHIP, INC. was a duly organized foreign corporation authorized to do business in the State of New York and transacting business in the State of New York.

9. That at all times hereinafter mentioned, defendant, COSTCO

WHOLESALE MEMBERSHIP, INC. was a foreign corporation transacting business in the State of New York with a place of business in the State of New York.

10. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE CORPORATION, was the owner of certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

11. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., was the owner of certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

12. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE CORPORATION, managed certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

13. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., managed certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

14. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE CORPORATION, maintained certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

15. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., maintained certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

16. That at all times hereinafter mentioned, the aforementioned premises was and still is used for commercial purposes.

17. That at all times hereinafter mentioned, the aforementioned premises was and still is used for residential and commercial purposes.

18. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE CORPORATION, was the lessor of certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

19. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., was the lessor of certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

20. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE CORPORATION, was the lessee of certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

21. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., was the lessee of certain real property identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

22. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE CORPORATION, operated a retail store at the premises identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

23. That on or about the 13th day of May, 2018, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., operated a retail store at the premises identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

24. That on or about the 13th day of May, 2018, the defendant COSTCO WHOLESALE CORPORATION conducted and transacted business under the assumed business name of "Costco Wholesale" at the aforementioned premises.

25. That on or about the 13th day of May, 2018, the defendant COSTCO

WHOLESALE MEMBERSHIP, INC. conducted and transacted business under the assumed business name of "Costco Wholesale" at the aforementioned premises.

26. That at all times hereinafter mentioned, the defendants their servants, agents, and/or employees, managed, controlled, operated, and maintained certain real property and premises identified as 1 Industrial Lane, City of New Rochelle, County of Westchester, State of New York.

27. That on or about the 13th day of May, 2018 the defendants were under a duty to properly maintain and care for the aforementioned premises so that said premises were in a safe and proper condition and so that they were not dangerous to those who lawfully used them.

28. That at all times hereinafter mentioned, it was the duty of the defendants, their agents, servants and/or employees to use reasonable care and diligence in the management, ownership, operation, care, custody and control of the said premises and of any condition thereon and at all times to keep same in a proper and safe condition.

29. That on or about the 13th day of May, 2018, the plaintiff, SHAMEEM SAYED, while lawfully at said premises, was caused to slip and fall due to a negligent, dangerous, hazardous, and trap-like condition.

30. That at all times hereinafter mentioned, the defendants, their agents, servants and/or employees were negligent and guilty of culpable conduct, in negligently, carelessly causing, creating and permitting said premises to be and remain in a hazardous, unsafe and dangerous condition; that the defendants, their servants, agents, and/or employees were careless, reckless, negligent and guilty of culpable conduct, in the ownership, operation, maintenance, management and control of said premises; that the defendants, their servants, agents, and/or employees were careless, reckless, negligent and guilty of culpable conduct, in causing, creating, permitting, and/or allowing a dangerous, hazardous, slippery condition to be, continue, and remain upon said premises; in causing, allowing, creating, and/or permitting a hazard, menace, and a nuisance for persons lawfully at said premises, and in particular this plaintiff; in failing to train and hire competent personnel for the purpose of maintaining said premises; in failing to take reasonable measures necessary to prevent the creation of a hazardous condition for those persons lawfully at said premises, and in particular this plaintiff; in failing to adequately supervise those servants, agents, and/or employees who were present on the premises in order to protect against the creation, and/or allowance of a hazardous condition; in failing to properly inspect, maintain and clean said premises; in negligently mopping and cleaning the floor; in negligently leaving the floor in a dangerous, wet, slippery and hazardous condition; in failing to provide any warning signs, cones or barriers; in causing, permitting, and allowing said premises to exist and remain in a slippery, hazardous and otherwise unsatisfactory condition, thereby constituting a concealed menace, nuisance, hazard and trap; in failing to adequately and reasonably supervise their servants, agents, and/or employees for the purpose of adequately and responsibly operating, maintaining and controlling the premises; in failing to take the necessary and requisite steps to prevent this foreseeable occurrence; in failing to supervise the employees; in having both actual and/or constructive knowledge of the dangerous conditions complained of; in violating the applicable rules, statutes, and ordinances which governed the activities of the defendants at the time and place herein mentioned; and in otherwise being negligent.

31. That by reason of the foregoing, the plaintiff, was caused to and did sustain severe, painful and serious personal injuries in and throughout the limbs and body; became sick, sore, lame and disabled; was caused to suffer contusions, fractures, abrasions,

lacerations, and sprains; was caused to suffer a severe shock to the nervous system and certain internal injuries; was caused to suffer and still continues to suffer great physical pain, mental anguish and bodily injuries; was confined to a hospital, bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention and to expend diverse sums of money for same; has been prevented from engaging in said plaintiff's usual occupation and activities for a long period of time, all with attendant losses and since some of said injuries are of a permanent and long lasting nature, upon information and belief will continue to suffer continuous pain, suffering, inconvenience, loss of enjoyment of life, and damage in the future.

32. That at all times herein after mentioned, and for some time prior thereto, the defendants, their agents, servants and/or employees had knowledge and written, actual and/or constructive notice of the aforementioned dangerous, hazardous and unsafe condition.

33. This action falls within one or more of the exceptions set forth in CPLR ss1602.

34. That the amount of said damages sustained by the plaintiff as a result of the aforesaid serious personal injuries and pecuniary loss are in a substantial sum of money to be determined by the court and jury.

35. That the amount of said damages sustained by the plaintiff as a result of the aforesaid exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action.

WHEREFORE, plaintiff, SHAMEEM SAYED demands judgment against the defendants on the First Cause of Action in an amount which exceeds the jurisdiction limits of all lower courts which would otherwise have jurisdiction over this action, together with interest, costs and disbursements of this action.

DATED: Tappan, New York
November 20, 2019

Yours, etc.,

H. BRUCE FISCHER ESQ. P.C.
Attorney for Plaintiff
89 Hickory Hill Road
Tappan, NY 10983
(212) 957-3634
Mailing Address
H. BRUCE FISCHER ESQ. P.C.
P.O. Box 119
Tappan, NY 10983

## VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of New York State, say that:

I, H. BRUCE FISCHER, ESQ., the attorney of record for the plaintiff, SHAMEEM SAYED, have read the annexed SUMMONS AND VERIFIED COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the documents and information in our files.

I affirm that the foregoing statements are true under penalties of perjury.

DATED: Tappan, New York
November 20, 2019

H. BRUCE FISCHER, Esq.

INDEX NO.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
SHAMEEM SAYED,

                              Plaintiff,

              -against-

COSTCO WHOLESALE CORPORATION and
COSTCO WHOLESALE MEMBERSHIP, INC.,

                              Defendants.
--------------------------------------------------------------------X

**SUMMONS AND VERIFIED COMPLAINT**

--------------------------------------------------------------------X

H. BRUCE FISCHER ESQ. P.C.
ATTORNEYS FOR PLAINTIFF(S)
89 HICKORY HILL ROAD
TAPPAN, NY 10983
(212) 957-3634

Mailing Address
H. BRUCE FISCHER ESQ. P.C.
P.O. BOX 119
TAPPAN, NY 10983

FILED: BRONX COUNTY CLERK 11/22/2019 04:15 PM                                INDEX NO. 33932/2019E
NYSCEF DOC. NO. 1                                                             RECEIVED NYSCEF: 11/22/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X     INDEX NO.
SHAMEEM SAYED,

                                Plaintiff,

        -against-

COSTCO WHOLESALE CORPORATION and
COSTCO WHOLESALE MEMBERSHIP, INC.,

                                Defendants.
-----------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
### (Uniform Rule § 202.5-bb)

You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

    2) You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- pay any court fees on-line (credit card needed).

To register for e-filing or for more information about how e-filing works:

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help represent yourself visit www.nycourthelp.gov.

Information for Attorneys

(E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

    1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or

    2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operated such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

DATED: Tappan, New York
November 20, 2019

Yours, etc.,

H. BRUCE FISCHER ESQ. P.C.
Attorney for Plaintiff
89 Hickory Hill Road
Tappan, NY 10983
(212) 957-3634
Email: HBFLAW@AOL.COM
Mailing Address
H. BRUCE FISCHER ESQ. P.C.
P.O. Box 119
Tappan, NY 10983

Defendants' Addresses:
COSTCO WHOLESALE CORPORATION (secretary of state)
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

COSTCO WHOLESALE MEMBERSHIP, INC. (secretary of state)
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

Page 2 of 2